# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT CHATTANOOGA

| | | |
|---|---|---|
| BROADCAST MUSIC, INC., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 1:11-cv-171 |
| v. | ) | *Collier / Lee* |
| | ) | |
| BART'S LAKESHORE LLC d/b/a BART'S | ) | |
| LAKESHORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

Before the Court is Plaintiffs' Motion to Join Transferee in Interest [Doc. 14]. Plaintiffs seek to join Mules or Us, Inc. to this action pursuant to Federal Rule of Civil Procedure 25(c) and E.D. Tenn. LR 7.1. Plaintiffs assert that Defendant Bart Huckaby transferred his interest in Bart's Lakeshore, LLC to Mules or Us, Inc. after the suit was filed [Doc. 15 at PageID#: 74].

In support of the motion, Plaintiffs filed a memorandum and an affidavit with several exhibits, including Annual Reports from 2009 and 2010 which show that Defendant Bart Huckaby was a manager of the LLC and a 2010 document indicating Defendant Huckaby had a 75% ownership interest in Bart's Lakeshore, LLC [Doc. 16 at PageID#: 86-88, 102]. Plaintiffs also attached Defendants' responses to Plaintiffs' interrogatories, which indicate that Mules or Us, Inc. is an entity with a current ownership interest of 75% in Bart's Lakeshore, LLC; the responses further state Defendant Bart Huckaby has zero interest in Bart's Lakeshore, LLC [Doc. 16 at PageID#: 91-92].

Plaintiffs assert the corporate charter for Mules or Us, Inc. was filed on June 28, 2011, the day the Complaint in ths case was filed; as such, Plaintiffs argue Mules or Us, Inc. did not obtain

its interest in Bart's Lakeshore, LLC prior to the filing of the Complaint and joinder is necessary to provide Plaintiffs complete relief [Doc. 15 at PageID#: 77].

Fed. R. Civ. P. 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3)." Rule 25(a)(3) specifies that parties may be served pursuant to Rule 5, but that nonparties (such as Mules or Us, Inc.) must be served as provided in Rule 4. Plaintiffs supplemented their motion upon Court order to establish that Mules or Us, Inc. was served on March 2, 2012 [Doc. 19]. Neither Defendants nor Mules or Us, Inc. have filed any timely response in opposition to Plaintiffs' request for joinder.

Plaintiffs argue that Mules or Us, Inc. is the transferee in interest of Defendant Huckaby and seek to join Mules or Us, Inc. in addition to Defendant Huckaby because Defendant Huckaby may still be found individually liable under the Copyright Act for the events that occurred prior to the commencement of the lawsuit [Doc. 15 at PageID#: 78-80]. Plaintiffs assert the addition of Mules or Us, Inc. is necessary not because the entity may be liable for copyright infringement outlined in the Complaint (as such infringement occurred prior to its formation), but because that entity's assets as a successor to Defendant Huckaby may be used to satisfy a monetary judgment and the entity should similarly be enjoined from future copyright infringement [*id.*].

The facts presented by Plaintiffs establish that some transfer of interest took place with respect to Defendant Huckaby, and it appears Plaintiffs have complied with the requirements of Rule 25(c) such that Mules or Us, Inc. may be properly joined. Accordingly, and in the absence of opposition, the Court **GRANTS** Plaintiffs' Motion to Join Transferee in Interest [Doc. 14].

Plaintiffs **SHALL** file an amended complaint adding Mules or Us, Inc. within **14 days** of this Order.

At the end of Plaintiffs' memorandum in support of the motion, Plaintiffs make a request for an extension of the discovery and dispositive motion deadlines [Doc. 15 at PageID#: 81]. This request was not included in Plaintiffs' motion and is not properly before the Court at this time. As such, the Court **DENIES without prejudice** any request to modify the scheduling order. Plaintiffs may refile such request after filing and serving the amended complaint.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

3